UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

TOVAUS DEJUAN DISHMAN,                    |
                                         |
        Petitioner,                      |        Civil Action No. 09-CV-321-KKC
                                         |
v.                                       |
                                         |
JOHN T. SHARTLE,                         |        **MEMORANDUM OPINION**
                                         |            **AND ORDER**
        Respondent.                      |

***** ***** ***** *****

Tovaus Dejuan Dishman is an individual confined at the Federal Correctional Institution in

Elkton, Ohio. Dishman has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241

[R. 2] and has paid the filing fee [R. 6]. Having reviewed the petition[1], the Court must deny relief

for the reasons explained below.

On January 24, 2008, Dishman was indicted in the Eastern District of Kentucky for being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); for being an unlawful user of

cocaine in possession of a firearm in violation of 18 U.S.C. § 922(g)(3); and for possession of cocaine

in violation of 21 U.S.C. § 844(a). The indictment also included a forfeiture count pursuant to 18

U.S.C. § 924(d). On May 4, 2008, Dishman signed a written plea agreement in which he agreed to

plead guilty to all four counts contained in the indictment. Paragraph Ten on page five of the plea

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at *1 (6th Cir. October 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

agreement provided that:

> The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.

On May 12, 2008, the court held a hearing, approved the plea agreement, and accepted Dishman's guilty plea. Following submission of the presentence report, on August 26, 2008, the court sentenced Dishman to a cumulative thirty-six month term of imprisonment to be followed by a two year term of supervised release. Neither Dishman nor the United States appealed from the judgment of conviction. *United States v. Dishman*, No. 08-CR-00012-JMH (E.D. Ky. 2008).

In his petition, Dishman contends that the trial court lacked jurisdiction to convict him because it failed to affirmatively and expressly set forth the basis for that jurisdiction in the record. [R. 2 at 7] Dishman also appears to contend that Congress lacked the authority to enact the criminal statutes in his case as the conduct at issue lacked a sufficient nexus to interstate commerce. [R. 2 at 15-16] Dishman also argues that the indictment in his case did not comply with the Fifth Amendment's grand jury clause [R. 2 at 19-21]; that the factual allegations contained in the affidavit filed in support of the indictment were based upon a search conducted in violation of his rights under the Fourth Amendment [R. 2 at 21-24]; and that the prosecutor's reliance upon that information and his counsel's failure to object to that information constituted prosecutorial misconduct and ineffective assistance of counsel, respectively. [R. 2 at 24-25]

Dishman's petition must be denied for several reasons.

Dishman has properly named John T. Shartle, the warden of the federal facility in Ohio where he is confined, as the respondent in this proceeding. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). However, the Court lacks personal jurisdiction over the respondent, who

does not reside in this state and is not located within this judicial district. A petition for habeas relief filed pursuant to 28 U.S.C. § 2241 must be filed in the district where the petitioner is incarcerated. 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge *within their respective jurisdictions*.") (emphasis added); *Rumsfeld*, 542 U.S. at 443 ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). Dishman has filed his petition in the court of his conviction, which is not the proper venue to determine his habeas claims under these circumstances. At a minimum, therefore, the Court would be required to either transfer the proceeding to the appropriate jurisdiction or to deny the petition without prejudice to Dishman's right to re-file his petition in the appropriate court.

However, Dishman expressly waived his right to collaterally attack his conviction or sentence in any post-conviction proceeding in the May 4, 2008, plea agreement. Courts routinely enforce such waivers to bar collateral attacks asserted in motions filed pursuant to Section 2255, *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006), and in habeas proceedings under Section 2241. *See, e.g., Murrah v. Rivera*, No. 08-3712, 2009 WL 252095, at *3 (D.S.C. February 2, 2009). While Dishman contends that his counsel was constitutionally ineffective for failing to object to the evidence obtained as a result of the search of his person and his vehicle, a waiver of the right to collaterally attack a conviction or sentence is enforceable unless the defendant specifically claims that the waiver itself was involuntary or the product of ineffective assistance of counsel, *In re Acosta*, 480 F.3d 421, 422-23 (6th Cir. 2007), claims Dishman does not make. Because Dishman waived his right to challenge his conviction in his plea agreement, he may not collaterally attack that

conviction in this habeas proceeding under Section 2241, and his petition must be denied.

Finally, Dishman's petition would have to be denied because the claims he asserts may not be pursued in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Here, Dishman challenges the jurisdiction of the trial court to convict him of a federal

offense, as well as the constitutionality of the search of his person and the conduct of the prosecutor and his defense counsel during the course of his prior criminal proceedings. Such claims could and should have been pursued before the trial court and on direct appeal. Because Dishman's claims, even if meritorious, does not indicate that he was convicted of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, it is not cognizable in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

Accordingly, **IT IS ORDERED** that:

1.  Dishman's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2.  Dishman's "Motion for an Order directing the Respondent to Show Cause why the Writ should not be Issued or in the Alternative Issue the Writ as required by 28 USCS § 2243." [R. 4] is **DENIED**.

3.  Dishman's "Notice of Motion and Motion for Judgment on the Pleadings" [R. 7] is **DENIED**.

4.  The Court will enter an appropriate judgment.

This the 23rd day of September, 2010.



Signed By:

**Karen K. Caldwell**

**United States District Judge**